## Commonwealth v. Walker

*Peter F. Cianci,* Assistant District Attorney, for Commonwealth.

*Joseph E. DeSantis,* for defendant.

BODY, J., January 11, 1962.—On August 20, 1960, defendant, Todd Walker, was charged before George Wenger, Justice of the Peace, by Trooper Louis D. Viola with driving his motor vehicle at 65 miles per hour in a 50 mile speed zone on Route 422 in Amity Township, Berks County, Pennsylvania, for a violation alleged to have occurred on August 19, 1960.

On August 31, 1960, defendant requested by phone a hearing after having received the letter with notice to appear, and that the hearing be held on a Saturday. At that time, it appears that the justice of the peace was employed as a truck driver week-ends beginning with a Friday. It further appears that neither the prosecutor nor defendant did anything further about requesting a hearing through the week or on any week-end. April 11, 1961, was fixed for a hearing by

the justice of the peace, and was postponed at the request of defendant. The next hearing was fixed for April 27, 1961, and this time it was postponed at the request of Trooper Viola. Then May 13, 1961, was fixed for the hearing, and it was postponed at the request of Mr. Mattai as attorney for defendant. Then May 23, 1961, was fixed for the hearing and the prosecutor, defendant, and his counsel, Mr. Mattai, appeared for hearing but at that time defendant waived the hearing for court and entered cash bail.

When the case came on for hearing before the court on June 26, 1961, Mr. DeSantis, for defendant, admitted the violation but contended that because of the long delay defendant should be discharged and that an injustice would be done to permit the hearing on the prosecution since approximately eight months had passed between the time of the arrest and the time of the final hearing before the justice of the peace.

The question involved:

"Is the defendant entitled to an acquittal on a summary charge under the Vehicle Code solely because there was an interval of approximately eight (8) months time between his request for hearing and the date fixed for the hearing?"

The Act of April 29, 1959, P.L. 58, sec. 1202(a), 75 PS §1202, provides:

"(a) Summary proceedings under this act may be commenced as provided in section 1201(c) or by the filing of information, which information must be filed in the name of the Commonwealth, and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered or certified mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice."

Section 1201 of the said code provides that the information shall be filed within 15 days after the commission of the offense.

These requirements of the code were complied with by the justice of the peace and defendant finds no fault.

This is important, for our courts in numerous decided cases have held that the authority and power of justices of the peace in summary proceedings is wholly statutory, and the exercise thereof must be in strict compliance with statutory requirements, or it is invalidated or without lawful effect: Commonwealth v. Reeder, 78 D. & C. 93. In Mills v. Commonwealth, 13 Pa. 626, 629, the court said:

"Jurisdiction in courts is the power and authority to declare the law. The very word in its origin imports as much; it is derived from *juris* and *dico;* I speak by the law. And that sentence ought to be inscribed in living light on every tribunal of criminal power. It is the right of administering justice through the laws by the means which the law has provided for that purpose . . ."

A careful check of the case law of our Commonwealth produces no case in point on the question involved. The act with which we are concerned is silent on the matter. In the case of Commonwealth v. Deisroth, 1 D. & C. 2d 504, it appears that defendant did not voluntarily appear within the ten days and the justice of the peace sent a letter on the eleventh day notifying defendant's attorney of the date of hearing. This proceeding on appeal was not invalidated by that court. Likewise, there is no statutory requirement that the hearing be held within the ten day period.

Defendant pleads that this court should arbitrarily fix a statute of limitation for a hearing date on a summary offense under The Vehicle Code. The Act of Assembly with which we are concerned outlines the

procedure which was followed in this case. It does not fix any limitation on the date for hearing. A review of the transcript of the case and of the record shows that neither defendant nor his attorney communicated with the justice of the peace to arrange for a time for hearing after the phone call of August 31, 1960, requesting a hearing. The hearing was fixed by the justice of the peace for April 11, 1961, and was postponed. Later the case was postponed two times at the request of defendant or his counsel. And then, May 23, 1961, was fixed for hearing when the prosecutor, defendant, and his attorney appeared but no hearing was held because defendant waived the hearing for court and entered cash bail. However, when the case came on for hearing in court defendant for the first time took exception to the hearing date. He has not proved that he was in any way prejudiced by any delay. He or his counsel contributed to the delay by postponing the hearing two times. He had admitted driving his motor vehicle at 65 miles per hour in a 50 mile speed zone.

And now, January 11, 1962, we find defendant guilty, sentence him to pay a fine of ($10) and costs of prosecution, and in default of payment thereof defendant shall undergo imprisonment in Berks County Prison for five days.